IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

J. T. COMPTON and NORMA VICKERS
COMPTON JOINT IRREVOCABLE TRUST                                    PLANTIFF

v.                      Case No. 4:18-cv-00528-KGB

SUN LIFE ASSURANCE
COMPANY OF CANADA                                                  DEFENDANT

# ORDER

Before the Court is a joint motion for entry of order of dismissal with prejudice filed by plaintiff J. T. Compton and Norma Vickers Compton Joint Irrevocable Trust ("Compton Trust") and defendant Sun Life Assurance Company of Canada ("Sun Life") (Dkt. No. 8). The parties represent that they have fully resolved their disputes, and they request that the Court enter an order dismissing this action with prejudice. The parties request that the Court enter an order accordingly. Based upon the parties' agreement and joint request, the Court adopts the following stipulations:

1. Compton Trust was created and exists under the laws of the State of Arkansas.

2. J.T. Compton and Norma Vickers Compton are the Settlors of Compton Trust.

3. Compton Trust obtained a life insurance policy on the lives of J.T. Compton and Norma Vickers Compton from Sun Life, Policy No. 9292202T ("Policy").

4. Certain issues have arisen between Compton Trust and Sun Life that are now fully resolved as follows:

    a. The application and other documents given to Sun Life by Compton Trust show a date of creation of the Trust as June 22, 1993. In actuality, the date of creation of Compton Trust was July 26, 1993. Sun Life has agreed to revise its records accordingly.

b. The application and other documents given to Sun Life by Compton Trust show the original trustee's name as "Ed Massey." Certain records of Sun Life reflected the trustee's name as "Edward Massey" when in fact it was "Edmund Massey." Edmund Massey is now deceased. Successor Trustees Charles K. Compton and Kris Compton were named by the Trust in 2002. Canadian Stock Transfer was informed of this change by letter from J.T. Compton dated October 19, 2011. Compton Trust has now designated Sonya Daniels as its sole Successor Trustee. Sun Life has agreed to revise its records accordingly.

c. Stock was issued to Compton Trust as a result of demutualization in the early 2000s based upon the documentation on file with Sun Life at that time. Trustee changes were not documented with the Stock Transfer Agent at that time, resulting in payment of dividends to Trustee Massey, now deceased. The Transfer Agent information is now updated and a replacement check was issued to the current Trustee.

5. Sun Life worked with Compton Trust to resolve the above issues. To avoid any further litigation costs, Sun Life will pay Compton Trust's attorney, Howard C. Yates, the sum of $2,500.00 for attorney's fees and costs. This payment is not an admission of any liability.

6. There are no remaining issues between the parties, and this matter should be dismissed with prejudice.

The joint motion accords with the terms of Federal Rule of Civil Procedure 41(a)(1)(A)(ii). For good cause shown, the Court adopts the joint motion for entry of order of dismissal with prejudice (Dkt. No. 8). Also, before the Court is Sun Life's unopposed motion for extension of time to respond to complaint (Dkt. No. 7). The Court denies as moot that motion. The Court dismisses with prejudice this action.

It is so ordered, this 5th day of November, 2018.

_____
Kristine G. Baker
United States District Judge